1   DECLARATION OF Lance E. Watson

2   I, Lance E. Watson, state the following:

3       1. My name is Lance E. Watson.

4       2. I am a competent adult and have personal knowledge of the following
5          facts.

6       3. I am the Chief Operating Officer of Avansic, Inc. ("Avansic").  I am
7          responsible for day to day operations at Avansic.

8       4. I received my masters in computer science from the University of Tulsa
9          ("TU") in 2003

10      5. Since 2003, I have specialized in the fields of information assurance,
11         computer security, and digital forensics.

12      6. I have also published papers, and journal articles in the areas of
13         information assurance, digital forensics, and telecommunications
14         security.

15      7. In addition, I have five National Information Assurance Education and
16         Training Program federal information assurance certifications from the
17         Committee on National Security Systems and the National Security
18         Telecommunications and Information Security System Instruction.

19      8. Avansic provides e-discovery and digital forensics services to the business
20         and legal communities by investigating and retrieving information from
21         computer hard drives and other digital devices.

22      9. My CV is attached as Exhibit A.

23      10.     In December, 2019, Avansic was contacted by Mitchell Garrett
24         regarding assistance with a project involving digital video recorders
25         owned by Creek County and used in the Creek County jail.

26      11.     On January 15th, 2020 Mike Carr from Collins Zorn Wagner
27         Attorneys at Law, brought three computer systems represented to be
28         DVR systems to Avansic, Inc. at our offices at 15 E. 5th St., Ste. 1800,

Exhibit 4

Tulsa, OK, 74103. The Chain of Custody documents for these items, including their descriptions and serial numbers are attached as Exhibit B.

12.     Avansic investigated these DVR systems to determine what information might be stored on them.

13.     Evidence Item 001 was an incomplete computer system that contained no hard drives and therefore had no data to recover or review. In fact this system did not contain a motherboard or CPU and was therefore not even serviceable.

14.     Evidence Item 002 was a DVR system that exhibits some issues of long service. Avansic noted that inside the case, the CPU fan was detached from the CPU and free to bounce around the case, rendering this system unsafe to power on for fear of heat damage to the CPU.

15.     An examination of the hard drives in Evidence Item 002 showed there were 4 hard drives of varying sizes.

16.     Hard drive 002-A, a 2 TB drive, was functional and contained videos as .AVI files and references cameras 1-16 with a potential date range of May 31, 2019 to June 24, 2019.

17.     Hard drive 002-B, a 1 TB drive, was functional and contained videos as .AVI files and references cameras 17-25 with a potential date range of May 14, 2019 to June 24, 2019.

18.     Hard drive 002-C, a 1 TB drive failed when attempts were made to access the drive. The clicking sound from the drive is a possible indication that there is physical damage to the drive. With advanced methods, data may be recoverable from this drive, but at this time there is no data available for review.

19.     Hard drive 002-D, a 160 GB drive contains a Microsoft Windows based operating system. Some logging data for the system appears to be available on this drive.

20.     While logging exists and some data be human readable, the lack of ability to start the computer and view the logs through the DVR software hampers investigation of this data.

21.     Evidence Item 003 is a DVR system that shows evidence of use. At this time the CPU fan for this device is missing. This renders this system unsafe to power on for fear of heat damage to the CPU

22.     Within Evidence Item 003 there were 5 hard drives of varying sizes present.

23.     Hard drive 003-A, a 1 TB drive, failed when attempts were made to access the drive. The clicking sound from the drive is a possible indication that there is physical damage to the drive. It is possible that with advanced methods data may be recoverable from this drive, but at this time there is no data available for review.

24.     Hard drive 003-B, a 1 TB drive was functional and contained videos as .AVI files and references cameras 2-12 with a potential date range of June 28, 2018 to July 20, 2018.

25.     Hard drive 003-C, a 1 TB drive, failed when attempts were made to access the drive. The clicking sound from the drive is a possible indication that there is physical damage to the drive. It is possible that with advanced methods data may be recoverable from this drive, but at this time there is no data available for review.

26.     Hard drive 003-D, a 2 TB drive, was functional and contained videos as .AVI files and references cameras 23-32 with a potential date range of July 6, 2018 to July 14,2018.

27.     Hard drive 003-E, contains a Microsoft Windows based operating system. Some logging data for the system appears to be available on this drive.

28.     While logging exists and some data be human readable, the lack of ability to start the computer and view the logs through the DVR software hampers investigation of this data.

29.     Avansic was specifically tasked with attempting to locate data from June 9, 2017 to June 24, 2017. None of the hard drives Avansic has reviewed contain data from this date range in active space.

30.     Avansic was further tasked with review of the DVR logs for the systems to see if any attempts had been made to save data from the dates in question. However, due to the poor condition of the devices, Avansic has not been able to review the log data completely.

31.     Additional expenditure could potentially repair the DVR hardware to make viewing of the logs through the DVR systems possible. It is unclear if simply replacing the components would render the system useable.

32.     Additional expense could recover data from the drives with physical damage listed above. A third party vendor who specializes in physical recovery would need to be engaged to attempt this work. The estimate for this work is approximately $2,000 per hard drive and is not guaranteed to recover any data.

33.     I affirm under penalties of perjury that the foregoing statements are true.

Date: _February 7, 2020_

_____
Full Name

-4-

# EXHIBIT A

# LANCE WATSON

15 E 5TH ST. STE. 1800 • TULSA, OKLAHOMA 74103
PHONE (918) 856-5337 • E-MAIL LANCE.WATSON@AVANSIC.COM

## EDUCATION AND CERTIFICATIONS

M.S. in Computer Science, University of Tulsa, Oklahoma, 2003
B.S. in Computer Science, University of Tulsa, Oklahoma, 1997

Federal Information Security Certifications:

Committee on Nation Security Systems Certificates. NSTISSI No. 4011: Information Systems Security Professional, 4012: Designated Approving Authority, 4013: Administration in Information Systems Security, 4014: Information Systems Security Officer and 4015: Systems Certifier.

Licensed Private Investigator in the State of Oklahoma, Texas.

## AREAS OF SPECIALIZATION

Digital forensics, electronic discovery, software development, information assurance, telecommunications, voicemail systems, prepaid cellular systems, Signaling System 7, cyber law.

## PROFESSIONAL EXPERENCE

2004 - Present             Avansic, Inc. (Digital Forensics Professionals)         Tulsa, Oklahoma
*COO and Vice President*

- Responsible for evaluation of software and hardware solution for forensic and e-discovery labs.

- Organize, supervise and assist case agents with their primary responsibilities.
  Determine lab priorities for investigation and production.
  Responsible for creation of monthly activity reports.
  Participate in the hiring process for new case agents and evaluate case agent performance.
  Develop and implement training materials for case agents.

- Established and incorporated Avansic, Inc. (Digital Forensics Professionals) in 2004

  Predicated in hiring all staff including forensics examiners, evidence custodians, sales, marketing, management, and technical writers.
  Established secure forensics laboratory space with state of the art forensics workstations, secure evidence storage, and advanced access control systems.

- Continuing Legal Education (CLE)

  Created, presented, and moderated over six hours of CLE curriculum on Digital Evidence Preservation, Production, Redaction, and Ethics. Topics include: Forensics and E-Discovery: An Overview, Introduction to ESI: Defining, Preserving, and Collecting, Processing ESI, Digital Redaction and Clawback Procedures, ESI Ethics and Considerations. Presented at multiple seminars, bar associations, meetings and conferences.

1997 - 2004             Boston Communications Group, Inc.             Tulsa, Oklahoma
*Manager of Technical Services and Software Developer*

- Develop and support domestic voicemail systems and international prepaid cellular systems

- Oversee the customer support group which provided remote trouble shooting and onsite repair of telecommunications systems

- Responsible for the hiring and termination of employees in customer support and manufacturing

## BOOK CHAPTERS

[1]   A. Barclay, L. Watson, D. Greer, J. Hale, G. Manes, "Tokens for Use in Redacting Digital

Information from Electronic Devices," Advances in Digital Forensics III, P. Craiger, S. Shenoi (Eds.), Springer, Norwell, MA, 2007.

## PAPERS AND PROCEEDINGS

[2] G. Manes, E. Downing, L. Watson, "A Digital Forensics Primer," International Joint Conferences on Computer, Information, and Systems Sciences, and Engineering (CISSE 08), December 9, 2008.

[3] G. Manes, L. Watson, E. Downing, A. Barclay, D. Greer, J. Hale, "A Framework for Redacting Digital Information from Electronic Devices," Proceedings of the 8th Annual IEEE SMC Information Assurance Workshop, West Point, New York, June 20-22, 2007.

[4] G. Manes, E. Downing, L. Watson, C. Thrutchley, "New Federal Rules And Digital Evidence," *Proceedings of the ADFSL 2007 Conference on Digital Forensics*, Security and Law, Arlington, Virginia, April 18-20, 2007.

[5] G. Manes, L. Watson, A. Barclay, D. Greer, J. Hale, "Towards Redaction of Digital Information from Electronic Devices," *Proceedings of the ADFSL 2007 Conference on Digital Forensics*, Security and Law, Arlington, Virginia, April 18-20, 2007.

[6] "Wireless Internet and Wireless Content Provider Liability," Prepared for Oklahoma House of Representatives, January 2005.

## PATENTS

[7] G. Manes, L. Watson, J. Hale, "CryptoStore (Near Real-Time Encryption)," Patent Pending.

[8] G. Manes, L. Watson, J. Hale, D. Greer, A. Barclay, "Redaction Of Digital Information From An Electronic Device," Patent Pending.

## INVITED TALKS

[1] "Digital Forensics and E-Discovery: an Overview," Comanche County Bar Association, Lawton, OK, April 15, 2009.

[2] "Digital Forensics," Society for Human Resource Development, Lawton, OK, July 12, 2006.

[3] "Cellphone Investigations and Digital Forensics," Oklahoma Electronic Discovery Summit, Midwest City, OK, September 23 2005.

## SERVICE

Board of Directors, Green Country Federal Credit Union, 2013-Present

Board of Directors, Sand Springs Youth Football Association, 2007 – 2009, 2014-Present.

"Five Tips for Keeping Kids Safe Online," a curriculum in combination with a donated brochure and presentation titled "Dangers of the Internet: How safe are your children?" promotes opened communication between adults and youth about the potential dangers of Internet. This curriculum has been delivered in dozens of presentations at schools, parents associations, and community organizations, 2006 – Present.

# EXHIBIT B

*MLC @ crw law.Con*

## CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

| 1. CASE NUMBER |
|---|
| Garrett-Bush_v_Bowling-001 |

| 2. NAME, TITLE, & ORGANIZATION OF RELEASER | 3. LOCATION AND ADDRESS WHERE RECEIVED |
|---|---|
| Mike Carr | Avansic |

| 4. PHONE OF RELEASER | 5. DESCRIPTION OF RECEIVING LOCATION |
|---|---|
| | Avansic Office |

**6. RELEASED BY MEANS OF**
■ OWNERSHIP  ☐ DISCOVERY  ☐ COURT ORDER  ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
|---|---|
| 0 0 2 | "DVR 2"  CPU is detached from Motherboard. No S/N  Fan |

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**

Creek County   ☐ SINGLE  ☐ MULTI    **10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| A | WIE7L9CF | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME]** | | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 2 TB | Seagate SV35 | (top of box) ↓ | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| B | 9VPC9FTF | | Threw error on 002 | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME]** | | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 1 TB | Seagate Barracuda | (02 box) ↓ | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| C | 9VPC9GBS | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME]** | | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 1 TB | Seagate Barracuda | (03 box) ↓ | Failed on TD Drawer wouldn't see it | / |

| 12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION) | 13. TIME/DATE RELEASED |
|---|---|
| *[signature]* | Jan 15, 2020 |
| | 14. NAME & ORGANIZATION OF RECIPIENT |
| | Jason R. Seling    Avansic |
| SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT | 15. SIGNATURE OF RECIPIENT |
| | *[signature]* |

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |

## CUSTODY DOCUMENT
[...BLY AND USE BLACK OR BLUE INK]
[...TLE, & ORGANIZATION OF RELEASER]

| 1. CASE NUMBER |
|---|

**3. LOCATION AND ADDRESS WHERE RECEIVED**

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
|---|---|
| 002 | |

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**   ☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| D | 6VMXA8E9 | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 160 | Seagate Barracuda   (Bay 04) | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |

| 12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION) | 13. TIME/DATE RELEASED |
|---|---|
| | 14. NAME & ORGANIZATION OF RECIPIENT |
| SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT | 15. SIGNATURE OF RECIPIENT |

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |

MIC@Bzwlow.com

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

| 1. CASE NUMBER |
|---|
| Garrett-Bush_v_Bowling-001 |

| 2. NAME, TITLE, & ORGANIZATION OF RELEASER | 3. LOCATION AND ADDRESS WHERE RECEIVED |
|---|---|
| Mike Carr | Avansic |

| 4. PHONE OF RELEASER | 5. DESCRIPTION OF RECEIVING LOCATION |
|---|---|
| | Avansic Office |

**6. RELEASED BY MEANS OF**
☑ OWNERSHIP ☐ DISCOVERY ☐ COURT ORDER ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
|---|---|
| 001 | Only a case with two video cards inside NO motherboard |

| 9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN] | 10. SUBITEM COUNT |
|---|---|
| Creek County | ☐ SINGLE ☐ MULTI |

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS)  USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 / |

| 12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION) | 13. TIME/DATE RELEASED |
|---|---|
| | Jan 15, 2020 |
| SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT | 14. NAME & ORGANIZATION OF RECIPIENT Jason Risley Avansic |
| | 15. SIGNATURE OF RECIPIENT |

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |

MLC@ewzlaw.com

| **CHAIN OF CUSTODY DOCUMENT** [PRINT LEGIBLY AND USE BLACK OR BLUE INK] | 1. CASE NUMBER Garrett-Bush_v_Bowling-001 |
|---|---|
| 2. NAME, TITLE, & ORGANIZATION OF RELEASER Mike Carr | 3.LOCATION AND ADDRESS WHERE RECEIVED Avansic |
| 4. PHONE OF RELEASER | 5. DESCRIPTION OF RECEIVING LOCATION Avansic Office |
| 6. RELEASED BY MEANS OF ■OWNERSHIP   ☐DISCOVERY   ☐ COURT ORDER   ☐OTHER | |

| 7. CONTAINER EVIDENCE ITEM NUMBER 003 | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] DVR 3          missing CPU Fan |
|---|---|

| 9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN] Creek County | ☐ SINGLE   ☐MULTI | 10. SUBITEM COUNT |
|---|---|---|

11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS)  USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|---|
| A | 9VPCCZ J7 | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 1 TB | Seagate Barracuda        Top Bay 01 | | | Drive clicking TD2 wouldn't see drive | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| B | S1D6RY25 | ↓   02 | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 1 TB | Seagate SV35 | Bay 02 | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| C | 9VPCCZGM | ↓   03 | | Drive clicking TD2 wouldn't see drive. | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 1 TB | Seagate Barracuda | Bay 03 | | | / |

| 12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION) SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT | 13. TIME/DATE RELEASED Jan 15, 2020 |
|---|---|
| | 14. NAME & ORGANIZATION OF RECIPIENT Jason Roselly   Avansic |
| | 15. SIGNATURE OF RECIPIENT |

16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |

VERSION 3.2 081911                        PAGE 1 OF 2                        CHAIN OF CUSTODY FORM

| 17. FOR ADDITIONAL SUBITEMS | | | | |
|---|---|---|---|---|
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| 003  D | W1E7L95K            ↓ Bottom | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 2TB | Seagate Sv35          Bay 04 | | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| 003  E | GVMBSMKV | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 250 | Seagate Barracuda       Internal | | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |

| 18. FOR ADDITIONAL TRANSFERS | | | |
|---|---|---|---|
| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |
| | NAME | NAME | |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |