# ALLEN & GARRETT
ALLEN, GARRETT, PECKIO, MASTERS

July 6, 2017

Creek County Sheriff
Creek County Clerk
317 E Lee Ave, Suite 100
Sapulpa, Oklahoma 74066

Creek County Commissioners
317 E Lee Ave, Suite 103
Sapulpa, Oklahoma 74066

Re: Ronald Garland
    Date of Incident: June 9-10, 2017
    Creek County Jail

This firm represents the Estate of Roland Garland, deceased ("Plaintiff") and it is making a claim for damages against the Creek County Sheriff's Department.

Plaintiff demands that you preserve documents, tangible things and electronically-stored information potentially relevant to the claim. Specifically, Plaintiff requests the preservation of any and all Taser guns used on June 9-10, 2017. Plaintiff also requests the specific preservation of any and all Oleroesin Capsicum (pepper spray) guns used on July 9-10, 2017 against Ronald Garland. Plaintiff requests these tangible items be preserved for the purpose of forensic examination. Plaintiff also request the preservation of all video evidence for the dates of June 9- June 10, 2017 for the Creek County Jail. Further all cell phone data, and cell phone billing records of any and all personnel on duty during the period of June 9- June 10, 2017 during the encounter with Ronald Garland. Please also preserve all records of incoming and outgoing land line calls form the Creek County Jail for June 9- June 10, 2017 during the encounter with Ronald Garland.

As used in this document, "you" and "your" refers to Creek County Sheriff's Department, its predecessors, successors, parents, subsidiaries, divisions and affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners, and other persons occupying similar positions or performing similar functions.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this cause is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

www.allengarrett.com

106 S. Okmulgee Ave.
Okmulgee, OK 74447

O: 844.255.0000
F: 888.397.3643

Exhibit 22

427 S. Boston, Ste. 320
Tulsa, OK 74103

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

- Digital communications (e.g. e-mail, voice mail, instant messaging);
- E-mail server stores (e.g. Lotus Domino, NSF or Microsoft Exchange, EDB);
- Word processed documents (e.g. Word or WordPerfect files and drafts);
- Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g. .pdf, .tiff, .jpeg .gif images);
- Sound Recordings (e.g. .avi, .wav and .mp3 files);
- Video and Animation (e.g. .avi, and .mov files);
- Databases (e.g. Access, Oracle, SQL Server data, sap);
- Contact and Relationship Management dad (e.g. Outlook, ACT!);
- Calendar & Diary Application Data (e.g. Outlook, PST, blog entries);
- Online Access data (e.g. Temporary Internet Files, History, Cookies);
- Presentations (e.g. PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Backup and Archival Files (e.g. Veritas, zip and Gho)

ESI is not only in formats reasonably accessible to you, but also in formats you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both sources of ESI, even if you do not anticipate producing such ESI.

Plaintiff demands that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to the rules of civil procedure, you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court my order production of the ESI, even if it is not reasonably accessible. Accordingly, you must preserve ESI that you deem inaccessible so as not to preempt the court's authority.

Preserve Evidence Immediately

Plaintiff demands that you act immediately to preserve potentially relevant evidence, including, without limitation:
1. Information concerning the Claim;
2. ESI you may use to support claims or defenses in this case; and
3. ESI previously identified in any Production Requests made by Plaintiff during the discovery of this case.

Adequate preservation of evidence requires more than simply refraining from efforts to alter,

destroy or dispose of such evidence. You must intervene to prevent loss due to routine operations or malfeasance and employ proper techniques and protocols to preserve evidence. For example, booting a hard drive, examining its contents or running any application may irretrievably alter the evidence it contains and constitute unlawful spoliation of evidence.

Suspend Routine Destruction of Records and Data

Plaintiff demands that you immediately initiate a litigation hold for potentially relevant evidence, including ESI, documents and tangible things and to act diligently and in good faith to secure and audit compliance with such litigation hold. Plaintiff demands that you immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding backup media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server, packet or local instant messaging logging; and
- Executing drive or file defragmentation or compression programs.

Guard Against Destruction of Evidence

Your officers, employees or others may seek to hide, destroy or alter evidence. You must act to prevent and guard against such actions. Especially where company machines were used for internet access or personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing, and in so doing, they may also delete or destroy potentially relevant ESI.

Preserve Backup Tapes

Plaintiff demands that you preserve complete backup take sets (including differentials and incrementals) of computer files, including e-mail and ESI up to the date of this letter.

Prevent Spoliation

Plaintiff demands that you take affirmative steps to prevent anyone from destroying or altering any records, drawings, test results, communications or documents of any kind relating to the conveyor system fabricated by you and on which the Plaintiff received injury or from seeking to modify, destroy or hide ESI on network or local hard drive and on other media or devices.

Format

You should preserve ESI in native forms, and you should not employ methods to preserve ESI that remove or degrade the ability to search the ESI by electronic means or that make it difficult or burdensome to access or use the information. You should additionally refrain from actions that shift. ESI from reasonably accessible media and forms to less bicubsible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

Metadata

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically or associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files, but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing.

Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files.

Servers

With respect to servers used to manage e-mail (e.g. Microsoft Exchange, Lotus Domino) and network storage (often called a "network share") the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server. If you are uncertain whether the preservation method you plan to employ is one that we will accept as sufficient, please immediately contact the undersigned.

Home Computers, Laptops, Online Accounts and Other ESI Venues

Plaintiff demands that you should also determine if any home computer or portable systems or devices like iPods or BlackBerrys may contain potentially relevant data. To the extent that you have sent or received potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CDR/DVD-R disks and the user's PDA, smart phone, voicemail box, or other forms of ESI storage).

Similarly, if you used online or browser-based e-mail accounts or services (such as Gmail, AOL, Yahoo Mail, or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

Paper Preservation of ESI is Inadequate

  Paper copies do not preserve electronic searchability or metadata. Therefore, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

  Please confirm within 10days time from the date of this letter that you have taken steps outlined in this letter to preserve equipment, ESI and tangible documents potentially relevant to this case. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Sincerely yours,

Mitchell Garrett
Attorney at Law

MG


Cc: bbowling@creekcountysheriff.com
   Creek County Clerk via fax, 918-227-6301