IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JANICE BUSH, as Special Administrator for the Estate of Roland Garland, deceased,

    Plaintiff,

vs.

BRET BOWLING, *et al.*,

    Defendants.

Case No. 19-CV-98-GKF-FHM

## OPINION AND ORDER

Nonparty Hiscox, Inc's Motion to Quash Plaintiff's Subpoena, [Dkt. 162], is before the court. The matter has been fully briefed, [Dkt. 162, 166, 169], and is ripe for decision. Defendant Turn Key Health Clinics, LLC, has also filed a motion to quash, [Dkt. 157]. That motion addresses the identical subpoenas issued to Hiscox, Inc. and AmWins Brokerage of Florida and has been fully briefed. [Dkt. 157, 158, 170].

### Subpoena to Hiscox

This is a section 1983 case arising from the death of Ronald Garland in June 2017 while he was incarcerated at Creek County Detention Center. Turn Key Health Clinics, LLC (Turn Key) is a defendant in the case. Hiscox, Inc. (Hiscox) is the administrator of an insurance policy for Turn Key. Plaintiff issued subpoenas duces tecum to Hiscox seeking the following:

1. Copies of all policies you have in your possession that were issued on behalf of Turn Key Health Clinics LLC from January 1, 2010 to the present; and
2. Copies of your entire file, including, but not limited to, all applications, documents related to any and all amendments to any policy issued to

> Turn Key, all communications, emails, letters, etc. related to Turn Key
> and any policy issued on its behalf, from January 1, 2010 to the present.

[Dkt. 162-1].

Hiscox represents that Defendant has already produced a copy of the policy that was in effect when Mr. Garland died in 2017 and when Turn Key reported the claim to Hiscox. The only other policy issued to Turn Key went into effect in 2014 and was cancelled in 2015 and therefore could have no relevance to the instant case. Hiscox states that the broadly worded subpoena would apparently include the underwriting file, which it states could have no relevance to the instant case where the content of the policy and insurance coverage are not at issue.

Hiscox asserts that in-so-far as the subpoena seeks claims files for other claims asserted against Turn Key, to the extent they are relevant, the existence of such claims can be obtained directly from Defendant Turn Key. Hiscox represents that there are 47 such claims files and it would be unduly burdensome for Hiscox to pay counsel to conduct a privilege review of those files. Concerning the claim file for the instant case, Hiscox represents that the only nonprivileged (or work product) documents in the claims file are the policy and Plaintiff's second amended complaint.

Plaintiff argues that Hiscox has not sufficiently supported its claim of burdensomeness and that the court should modify, rather than quash the subpoena.

The court finds that the subpoena, which uses such expansive terms as "all documents," "related to," and "all communications" is facially overbroad. The subpoena should be quashed for that reason alone as it is counsel's duty to properly frame the subpoena so as not to impose an undue burden on the recipient. In view of the fact that

Plaintiff has not sought to obtain the information from Turn Key, the court is persuaded that there is no reason to impose any burden on non-party Hiscox to respond to the subpoena. The court notes that no showing has been made that Turn Key would not be forthcoming with discovery responses. Plaintiff has offered only conclusory statements in support of the assertion that Turn Key is not likely to retain documents concerning prior claims. [Dkt. 166, p. 7]. The subpoena to Hiscox is quashed.

### Subpoena to AmWins

Plaintiff issued a subpoena to AmWins Brokerage of Florida (AmWins) seeking identical information. [Dkt. 157-1, p. 5]. No information has been provided to the court about the relationship of nonparty AmWins to Defendant or to the events of this lawsuit. However, the broadly worded subpoena is subject to the same facial overbreadth infirmity discussed above. For that reason the subpoena is quashed.

### Conclusion

Based on the foregoing, Nonparty Hiscox, Inc's Motion to Quash Plaintiff's Subpoena, [Dkt. 162], is GRANTED. Defendant Turn Key Health Clinics, LLC's Motion to Quash, [Dkt. 157], is GRANTED.

SO ORDERED this 12 day of February, 2020.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE