**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JANICE BUSH, as Special Administrator for
the Estate of Roland Garland, deceased,

Plaintiff,

vs.                                                                      Case No.   19-CV-98-GKF-FHM

BRET BOWLING, *et al*.,

Defendants.

**OPINION AND ORDER**

Plaintiff's Motion to Compel Discovery From Defendant Turn Key Health Clinics,

LLC., [Dkt. 163], is fully briefed and before the court for disposition.

**Background**

The parties and the court are familiar with the factual background of this case, which

will not be repeated here.  Plaintiff's theory of the case is that, although Defendant Turn

Key's contract with the county called for 112 hours of nursing care at the Creek County

Justice Center (hereafter Jail), only 88 hours were provided the week of the incident at

issue in this lawsuit.  Plaintiff states she seeks discovery to show:  reduced nursing hours

impaired service; the impairment impacted the supervision of detox and withdrawal

detainees; the decreased supervision posed a substantial risk of serious harm to those

suffering withdrawal. [Dkt. 163, p. 4].  Plaintiff asserts that the discovery requests at issue

are relevant to establishing longstanding and widespread practices by Defendant Turn Key

in support of her *Monell*[1] claims.

---

[1]  In *Boateng v. Metz*, 410 F. Supp. 3d 1180, 1193, 2019 WL 4751748 (D. Colo. 2019), the Court
provided the following succinct explanation of the requirements of a *Monell* action:
        Under *Monell v. Department of Social Services*, a municipality can be liable
        under 42 U.S.C. § 1983 for damages only when the entity's "policy or

(continued...)

Defendant disputes Plaintiff's characterization of the facts in this case and asserts that the contractually required 16 hours per day of nursing staff was provided on the day of the incident.  Defendant opposes the motion to compel generally on the basis that many of the requests are unspecific and overly broad, encompass an unreasonably long time frame, or documents responsive to the requests do not exist.

The individual discovery requests are summarized and addressed below along with the relevant positions of the parties with respect to each.

**Analysis**

Request for Production No. 2

This request seeks production of the monthly and daily statistics the Jail Administrator can request from Defendant pursuant to §1.14 of the contract from 2015 to 2018.  Defendant produced data which Defendant states is tracked by month for January

---

[1](...continued)
custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury." 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A plaintiff suing a municipality under Section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 667 (10th Cir. 2010) (internal quotation marks omitted); see also *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (" 'Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.' " (quoting *Monell*, 436 U.S. at 691, 98 S.Ct. 2018)). A municipal policy or custom may be "(1) an officially promulgated policy; (2) an informal custom amounting to a widespread practice; (3) the decisions of employees with final policymaking authority; (4) the ratification by final policymakers of the decisions of their subordinates; or (5) the failure to adequately train or supervise employees." *Estate of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1230 (D. Colo. 2016) (citing *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010)).

2017 through December 2017. Plaintiff replies that the contract requires that daily statistics be maintained and that no daily statistics were provided. Plaintiff further asserts that the request sought three years prior to the June 2017 incident, but data was provided for only six months before the incident.

Except for the period of time, Plaintiff has provided no argument about why the statistics provided are insufficient so as to require the production of more data. Similarly, Defendants has not asserted any reason why the same information that was provided could not be reasonably produced for 2015 through 2018. The Motion to Compel is granted in part for Request No. 2. Defendant is required to produce the same monthly data for 2015 through 2018.

### Request For Production No. 3

This request seeks production of the documents identifying the training provided to nurse Kerri James prior to June 2017, including complete copies of the curriculum. Defendant produced the training records and explained that consistent with Nurse Jane's deposition testimony, it does not have materials designated as training materials or curriculum, but the training involved review of polices and protocols, many of which do not pertain to the matters at issue in this case and which are addressed in response to Request for Production No. 4. Defendant represents that "training materials" do not exist.

The Motion to Compel is denied as to Request No. 3. Defendant cannot produce or rely upon materials that do not exist.

### Request for Production No. 4

This request seeks production of Defendant's policies and procedures in effect at the jail on June 10, 2017. Defendant provided the table of contents and produced the

3

policies and procedures Defendant believes are related to the instant action.  Defendant

has also produced the policies identified in Plaintiff's motion, except for policies and

procedures regarding sick call requests, pharmaceutical and medication management, and

medication administration training.  Defendant asserts that these have no bearing on the

claims at issue in the case as decedent did not submit, or attempt to submit, a sick call, and

there is no suggestion that administration of medication or a failure to do so had anything

to do with this case.

The court is persuaded that the three policies in dispute are relevant for discovery

purposes.  The Motion to Compel is granted as to these specific policies and procedures

and otherwise denied.

### Request for Production No. 5

Plaintiff seeks production of quality assurance reports and audits related to medical

care at the jail from 2015 through 2018.  Defendant states it is unaware of any materials

responsive to this request.   Plaintiff asserts that Defendant's response is evasive and

misleading and contrary to statements made by Defendant in making its proposal to Creek

County for the contract to provide medical services.  Defendant's response brief reiterated

that no responsive materials exist.

The court is not persuaded that statements made in contract negotiations are

probative of whether any responsive materials exist.  The court expects that, consistent

with duties imposed by the Federal Rules of Civil Procedure, Defendant has made a

diligent search for responsive materials.  In reliance on Defendant's representation that no

responsive materials exist, the Motion to Compel is denied as to Request No. 5.

## Request for Production No. 6

Plaintiff requests "staffing documents" for Turn Key employees and/or agents working shifts at the jail from 2015 to 2018. Defendant objected to the overbreadth of the request and stated it was unanswerable. Defendant produced time detail reports for the jail from May 1, 2017 through June 30, 2017. Plaintiff asserts that the time frame is not long enough.

Defendant has not demonstrated that providing the time detail reports for 2015 through 2018 would be unduly burdensome. The Motion to Compel is granted to the extent Defendant is required to produce time detail reports for the time frame from 2015 through June 2018.

## Request for Production No. 7

Plaintiff seeks production of documents identifying the number of sick call reports from 2015 on a daily, weekly, and monthly basis. Defendant responded that the information responsive to the request was produced in response to Request No. 2 as those statistics are maintained in the ordinary course of business.

Defendant has already been ordered to produce the information responsive to Request No. 2 for 2015 to 2018. The Motion to Compel is denied as to this request.

## Request for Production No. 11

This request seeks production of correspondence to or from persons associated with Creek County Sheriff's Office related to medical services provided to the jail from 2015-2018. Defendant objected to the overbreadth of the request but stated it looked into whether there were communications to or from Creek County from 2015 from 2018 regarding: inadequate staffing; inadequate supervision; inadequate training; cost savings

at the jail; chain of command; or medical staff responsibilities.  Defendant represents that no communications were found related to those topics.  Plaintiff complains that the scope of Defendant's inquiry was too narrow.

The court will not re-write Plaintiff's overly broad discovery request.  Defendant has offered to work with Plaintiff and to make inquiries regarding reasonably tailored and relevant topics.  The parties are expected to work together in good faith to resolve this matter.  The Motion to Compel is denied as to this request.

<u>Request for Production of Documents No. 12</u>

This request seeks production of communications arising from the detention of Roland Garland in June 2017.  Defendant represents there are no non-privileged communications responsive to this request.

Based on Defendant's representation, the Motion to Compel is denied as to this request.

<u>Request for Production of Documents No. 15</u>

This request seeks production of complete financial records associated with the medical staffing contract with Creek County from 2015 through 2018, including records memorializing budgets, expenses, and pre-tax revenue.  Defendant objected to the overbreadth and unspecificity of the request.  Defendant asserted that it is a privately held company and the information is private, proprietary, confidential, and irrelevant. Defendant directed Plaintiff to the health services contract and the payments and credits document that was produced.  Plaintiff broadly argues that the complete financial information is needed to determine whether Defendant deliberately underbid the contract, which Plaintiff contends would constitute strong evidence supporting deliberate indifference.

Plaintiff has not demonstrated that the information supplied in response to what the court finds is an overly broad request with tenuous relevance is insufficient for the needs of the case.  The Motion to Compel is denied for this request.

Request for Production of Documents No. 16

This request seeks production of complete financial records for Turn Key from 2015 to 2018.  The court is not persuaded that this overly broad request is proportional to the needs of the case.  The Motion to Compel is denied as to this request.

Interrogatory No. 3

Plaintiff seeks identification of the person most knowledgeable about Defendant's staffing at the jail from 2015 through 2018.  Defendant objects to this interrogatory on the basis that it avoids the requirements of Rule 30(b)(6) regarding the identification of an organizational designee to speak on defined topics.

The court is not persuaded that any purpose will be served by requiring an answer to this interrogatory.  Defendant will not be required to make such an identification outside of the requirements of Rule 30(b)(6).  The Motion to Compel is denied as to this interrogatory.

Interrogatory No. 5

This interrogatory asks Defendant to describe any case management program used in servicing the contract with Creek County from 2015 to 2018.  Defendant represents that in the meet and confer process Plaintiff clarified that some jails use "ODIS" or something similar.  Defendant states that it does not use a case management program.  Plaintiff takes issue with Defendant's characterization of the clarification and asserts that Defendant must use some program as it tracks statistics.

The court will not re-write Plaintiff's interrogatory.  The court is not persuaded that a listing of all computer programs in use by Defendant is relevant to any issue in the case. The Motion to Compel is denied as to this interrogatory.

<u>Requests for Admissions</u>

Defendant answered some of Plaintiff's Requests for Admissions that facts were assumed that were not in evidence, or that the request called for a legal conclusion. Defendant also asserted that the requests were unanswerable as worded and further responded "denied as worded." Plaintiff asserts that the "denied as worded" response does not comply with Fed.R.Civ.P. 36(a)(4) and argues that under the rule an appropriate answer is either admit or deny, and if an inability to answer truthfully is asserted, the answer must contain a detailed statement about why the request cannot be admitted or denied.

According to the Advisory Committee Notes for the 1970 Amendment to Rule 36, "Admission are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be."  This purpose cannot be accomplished where, as here, requests for admissions are framed in accusatory, biased, or unspecific language rather than factual statements.   It is a misuse of Rule 36 for a party to submit such requests to an opponent with the expectation that the requests be re-framed in order to be admitted or denied.  Except for Request No. 5, the Requests for Admissions are poorly worded and therefore unsuitable for the proper purpose of such requests.

The court will not engage in a detailed discussion about the wording of the Requests for Admission to attempt to cure the problems.  The questions posed in Plaintiff's motion

demonstrate the problems with the Requests.  For example, Request for Admission No. 4

asks Defendant to admit or deny:

> After completing pill pass on June 10, 2017, Kerri Janes had
> the opportunity to conduct a site check on Ranald Garland, but
> instead went outside to smoke a cigarette.

[Dkt. 163, p. 22].  Defendant denied the request as worded.  In her motion Plaintiff queries:

> Is it denied because Janes did not have an opportunity to
> check on Ronald?  Is it denied because she smoked something
> other than a cigarette?

[Dkt. 163, p. 23].  The court views these questions as pointing out the type of problems with

the phrasing of the requests.

Defendant is required to admit or deny Request for Admission No. 5, otherwise the

Motion to Compel is denied for the Requests for Admission.

### CONCLUSION

Plaintiff's Motion to Compel Discovery From Defendant Turn Key Health Clinics,

LLC., [Dkt. 163], is GRANTED in part and DENIED in part as specified herein.

SO ORDERED this 10th day of June, 2020.


_____

**FRANK H. McCARTHY**

UNITED STATES MAGISTRATE JUDGE