IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JANICE BUSH, as Special Administrator for
the Estate of Roland Garland, deceased,

                      Plaintiff,

vs.                                   Case No.  19-CV-98-GKF-FHM

BRET BOWLING, *et al*.,

                      Defendants.

**OPINION AND ORDER**

Plaintiff's Second Motion to Compel Against Defendant Turn Key Health Clinics, [Dkt. 222] is fully briefed, [Dkt. 222, 236, 249], and is ripe for decision.

On February 2, 2020, the court entered an order quashing a subpoena to Hiscox, Defendant's insurer. The subpoena broadly sought, *inter alia*, all communications related to Turn Key from January 1, 2010 to present. [Dkt. 196]. In objecting to the overbreadth of the subpoena, Hiscox represented that the subpoena would include 47 claim files and that as for the claim file in the present case, the only non-privileged documents were the policy and Plaintiff's second amended complaint. [Dkt. 196, p. 2]. Plaintiff seeks production of documents related to the 47 claim files mentioned by Hiscox, as follows:

> <u>Request For Production No. 17:</u>  Produce documents from the 47 claims identified by Hiscox in response to Estate's Rule 45 subpoena to identify the following:  (1) the date of the incident; (2) the facility where the claim arose; and (3) the nature of the claim reported.

[Dkt. 222. p. 3]. Defendant objected on several bases, including that the request appears to request materials from Hiscox, a non-party to the action. Defendant provided the requested information for two lawsuits arising from medical care at the Creek County Detention Center which occurred before the date of the incident at issue in this case. The

information included date of loss, case numbers, jurisdiction, and a summary of the nature of the claims.  *Id*.

Defendant objects to further production on the basis that the request is overly broad and out of proportion to the needs of the case considering the short length of time (6:20 pm to 9:38 pm) of Defendant Turn Key's possible involvement in the incident.  Defendant also asserts that Plaintiff apparently seeks information from all facilities where Defendant is involved without regard to the facility, county, or state.  Defendant states that Plaintiff's request will encompasses mainly work product materials in that it seeks claims submitted to its insurer, rather than filed cases.  Defendant also argues that incidents that occurred after the date of the incident at issue in this lawsuit are relevant.

The court is not persuaded that the brief time period of time Decedent spent in Defendant's custody is determinative of the proper scope of discovery.  Nor is the court persuaded that production of a company-wide list of claims submitted to Defendant's insurer falls within the proper scope of discovery.  The court questions Plaintiff's assertion that production of documents that show the date, facility, and nature of claims would provide enough information to allow investigation of similarities to this case without imposing any further burden on Defendant.  [Dkt. 249, p. 2].  It is not clear how such an investigation would occur without significant involvement by Defendant when names and identifying information are redacted because claims would undoubtedly involve medical care.  The court is persuaded that insofar as the request for production of documents seeks information concerning claims as opposed to lawsuits, production would involve information subject to work product protection as notification of claims to the insurer would involve

situations where Defendant believes litigation is likely to ensue. The court finds that Plaintiff's for company-wide "claims" is not proportional to the needs of the case.

The problems identified above do not attend the company-wide identification of lawsuits to providing the date of the incident, case number and jurisdiction, facility, and a summary of the claims asserted. Such identification would give Plaintiff sufficient information to conduct an investigation into similar claims. A list containing such information would be an adequate response. Neither party has suggested an appropriate time frame. Based on the time frame imposed for other disputed discovery requests in this case, Defendant will be required to identify such cases for the time period from 2015 to 2018..

Plaintiff's Second Motion to Compel Against Defendant Turn Key Health Clinics, [Dkt. 222] is GRANTED in PART, as set out herein.

SO ORDERED this 10th day of June, 2020.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE