### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE BUSH, as Special Administrator for the Estate of Roland Garland, deceased,<br>Plaintiff,<br>vs.<br>BRET BOWLING, *et al.*,<br>Defendants. | Case No. 19-CV-98-GKF-FHM |

### **OPINION AND ORDER**

Plaintiff's Second Motion for Sanctions, [Dkt. 243], has been fully briefed, [Dkt. 243, 248, 254, 262], and is ripe for decision.

In preparation for a deposition attorneys representing Defendants Brett Bowling, Board of County Commissioners of Creek County, Newt Stephens, Leon Warner, Lane Whitehouse, and Joe Thompson sought to review the witness' personnel file from his prior employment with the Tulsa County Sheriff's Office(TCSO). Defendants' attorney sent two e-mails to the attorney for the TCSO to try to get access to the file. When it was not clear that access would be granted, Defendants' counsel sent a subpoena duces tecum for the file. Shortly thereafter the TCSO attorney e-mailed that Defendants' attorney could review the file. Defendants' attorney reviewed the file and obtained copies of several documents.

Having received notice of the subpoena duces tecum, several days before the deposition Plaintiff's asked Defendants' attorney for copies of any documents produced pursuant to the subpoena duces tecum. Without checking with the TCSO attorney, whose notes reveal that the file was provided pursuant to the subpoena duces tecum, Defendants' attorney told Plaintiff's attorney that no documents were produced pursuant to the

subpoena duces tecum. At the deposition Defendants' attorney used documents from the TCSO file.

Plaintiff seeks sanctions against Defendants for misleading Plaintiff by failing to provide the documents prior to the deposition. Defendants' attorney responds that she believed access was given to the file based on her informal e-mail request, not pursuant to the subpoena duces tecum and therefore her statement was truthful.

Giving Defendants' attorney the full benefit of doubt, she may have believed her statement was truthful. However, the statement clearly misled Plaintiff's attorney and she knew it would mislead him. Plaintiff's attorney was unmistakably trying to find out if TCSO provided documents and if so to obtain copies to enable him to prepare for the deposition. The gamesmanship and hyper-technical focus by Defendants' counsel on whether the documents were obtained pursuant to the subpoena duces tecum is contrary to the spirit of the discovery process. Attorneys should not have to guard themselves against such sharp practices from their colleagues.

Despite the court's dim view of Defendants' attorney's conduct, Plaintiff's motion for sanctions must be denied because Plaintiff has not established any prejudice. Although Plaintiff asserts that the ability to cure the unspecified prejudice ended at the conclusion of the deposition, that is not the case. Upon a showing of good cause, which P has not attempted, the witness' deposition could be reconvened. Plaintiff has not asked for such relief.

Plaintiff's Second Motion for Sanctions, [Dkt. 243], is DENIED.

SO ORDERED this 10th day of June, 2020

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2