### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE BUSH, as Special Administrator for the Estate of Roland Garland, deceased,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>BRET BOWLING, *et al.*,<br>　　　　　　　　　　Defendants. | Case No.  19-CV-98-GKF-FHM |

## OPINION AND ORDER

Plaintiff's Second Motion to Compel Discovery From Defendant Bret Bowling In His Official Capacity, [Dkt. 260], is fully briefed [Dkt. 260, 268, 269], and before the court for determination.  Also before the court are Plaintiff's Motion to Supplement Motion to Compel, [Dkt. 271], and Motion to Expedite Ruling, [Dkt. 273].

## Motion to Compel [Dkt. 260]

The motion could justifiably be denied for Plaintiff's failure to engage in a good faith meet and confer in a sincere attempt to resolve the issues without court intervention as required by Fed.R.Civ.P. 37(a)(1) and LCvR 37.1.Although Plaintiff represented that counsel conferred, in Plaintiff's reply brief it was admitted that the conference took place over a year ago in May, 2019.  [Dkt. 269, p. 1].  The briefing for this motion and Plaintiff's other motions to compel reveals that overall counsel could, and are required to, make more fruitful use of the meet and confer process.  The court views it as a failure of sincere cooperation in the meet and confer process where, as here, the parties' briefs contain bickering over the substance of the meet and confer.  Likewise, the court views an exchange of emails as an insufficient meet and confer.  The failure to engage in a meaningful meet and confer process is wasteful of the parties' resources and those of the

court. The rules contemplate, and good practice dictates, that discovery motions filed after counsel have engaged in a sincere meet and confer will address issues narrowed for court resolution.

## **Request for Production of Documents No. 6**

This request seeks production of all documents which refer or relate to use of a restraint chair by a Creek County Sheriff's Department employee. Defendant objected on a number of bases, including that there was no limitation as to time. Defendant's response to the request stated that if properly limited in time and scope, the documentation would be produced upon the filing of a protective order. In her brief Plaintiff requests the court to order production of:

> 1) videos depicting use of force incidents at the CCJC since 2012 consistent with facility policy 5.1; and 2) written reports documenting use of force incidents consistent with policy 5.1 involving the restraint chair or physical strikes for the 3 years preceding June 2017, along with copies of reports from supervisors reviewing the incident.

[Dkt. 260, p. 2]. Facility Policy 5.1 requires the completion of an Incident Report with the attachment of videotapes and photos, if any, for incidents involving death, serious harm to an inmate or employees, and a host of other things that may occur in the jail. [Dkt. 260-3].

The court observes that the order Plaintiff has requested exceeds the scope of Request for Production No. 6. The incident in this case involves the use of a restraint chair. The court is not persuaded that videos of all incidents of use of force are relevant or proportional to this case.

Defendant represents that the Sheriff's Office has conducted a search of the SOMS (Sheriff's Office Management System) database where incident reports are kept for reports responsive to a list of search terms provided by Plaintiff. SOMS personnel have also conducted a search of the database using those same terms. [Dkt. 268, p, 3]. The results of those searches have been provided to Plaintiff. Defendant states that there were 28,805 inmates at the jail during the time frame and 5,285 incident reports and that any further search would involve an unduly burdensome file-by-file search.

Provided that Defendant can affirm that it was the regular practice to enter incident reports into SOMS, no further response to Request No. 6 will be ordered. If Defendant is unable to make such a representation, the parties are instructed to confer in an attempt to reach an accord before filing a motion to revisit this issue.

### Request for Production of Documents No. 18

> Request No 18:
> Produce Documents of use of force incidents recorded on the facility DVR system and burned to disc as testified to by Lance Prout. This request includes (1) videos of the incident; (2) use of force reports prepared by staff; and (3) incident reviews by supervisory staff.

[Dkt. 260, p. 6]. Defendant objected in part because Jail Administrator Lance Prout testified he would have been involved in copying of a video when it was for a case where charges were going to be pressed against an inmate and the video would have been forwarded to the District Attorney. Defendant stated that the Sheriff's Office does not have copies of any videos that Lance Prout would have sent to the District Attorney. In addition, Defendant objected to producing evidence for any time after the incident in question. [Dkt. 260, p. 6]. In response to the motion, Defendant asserts that the Sheriff's Office has provided the

3

Creek County files from ACCO-SIG where similar claims were made and that Plaintiff has been given the incident reports, videos, and photos from those files. As well, Plaintiff has been provided the results of two searches of the SOMS system.

The court does not read Lance Prout's deposition testimony as indicating that there are videos that are different from the ones that have already been supplied to Plaintiff. The court reads the testimony to mean that an additional copy of available video would have been made in addition to the materials that have already been supplied to Plaintiff. Furthermore, to the extent that Plaintiff is seeking videos of all incidents of use of force, such a request is overly broad and not proportionate to the needs of the case.

Provided that Defendant can affirm that the court is correct in the conclusion that any videos referred to by Lance Prout would be redundant of videos already produced, no further response will be ordered. If Defendant is unable to make such a representation, the parties are instructed to confer in an attempt to reach an accord before filing a motion to revisit this issue.

## **Motion to Supplement [Dkt. 271]**

Plaintiff has requested permission to file a supplement in support of the motion to compel considered herein. Plaintiff's proposes to supplement her arguments by including one page of the deposition of Undersheriff Thompson and two pages of argument. The court has reviewed the proffered deposition excerpt and finds that the testimony about the existence of videos regarding use of force does not change the court's analysis about the scope the requests for production at issue in this motion or the Defendant's response to those requests. The Motion to Supplement is therefore denied. This result renders the Motion to Expedite Ruling moot.

### Conclusion

Plaintiff's Second Motion to Compel Discovery From Defendant Bret Bowling In His Official Capacity, [Dkt. 260], is DENIED, as specified herein. Plaintiff's Motion to Supplement Motion to Compel, [Dkt. 271], is DENIED. Plaintiff's Motion to Expedite Ruling, [Dkt. 273], is MOOT.

SO ORDERED this 10th day of June, 2020.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE