### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE BUSH, as Special Administrator for the Estate of Ronald Garland, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BRET BOWLING, in his individual and official capacity and individual capacity as Sheriff of Creek County, Oklahoma, *et al.*,<br><br>Defendants. | Case No. 19-CV-98-GKF-FHM |

### **OPINION AND ORDER**

Before the court is the Motion for Judgment on the Pleadings [Doc. 255] of defendants Newt Stephens, Leon Warner, and Lane Whitehouse. For the reasons set forth below, the motion is granted.

This is a federal civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 following the death of Ronald Garland of an anoxic brain injury after jailers at the Creek County Jail placed Garland in a restraint chair and allegedly shoved his head downward between his knees to the point they cut off the supply of oxygen to his brain.

Defendants Newt Stephens, Leon Warner, and Lane Whitehouse are the duly elected county commissioners for Creek County, Oklahoma. *See* [Doc. 40, ¶ 4]. Plaintiff sues each of the Defendant Commissioners in their official capacities. Plaintiff has asserted § 1983 claims against them for failure to supervise "by failing to take any reasonable steps to determine the adequacy of the jail facility," and "by failing to provide adequate conditions of confinement for chemically compromised inmates despite actual knowledge of the substantial risk of serious harm associated

with accepting this class of persons for detention without a medical screening." [*Id.* at pp. 15, 19-20].

Defendant Commissioners assert that plaintiff's claims against them in their official capacities are redundant and duplicative of plaintiff's claims against the Board of County Commissioners of Creek County, and should therefore be dismissed. The Supreme Court has long recognized that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167 n.14.

Consistent with that guidance, this court has held that, when a local governmental entity is sued along with an official of that entity in his or her official capacity, the official capacity claims against the official are properly dismissed as redundant. *Simpson v. Little*, No. 18-CV-491-GKF, 2020 WL 33216, at *5 (N.D. Okla. Jan. 2, 2020); *Brashear v. Tulsa Cty. Bd. of Cty. Comm'rs*, No. 15-CV-473-GKF, 2016 WL 633374, at *4 (N.D. Okla. Feb. 17, 2016); *Williams v. City of Tulsa*, No. 11-CV-469-TCK, 2013 WL 244049, at *11 (N.D. Okla. Jan. 22, 2013); *London v. Hill*, No. 11-CV-28-GKF, 2012 WL 529934, at *4 (N.D. Okla. Feb. 14, 2012).

Citing *Youren v. Tintic School Dist.*, 343 F.3d 1296 (10th Cir. 2003), plaintiff argues that the official capacity claims against the Defendant Commissioners are not redundant because officials sued in their official capacity are not immune from punitive damages. In *Youren*, a Tenth Circuit panel wrote that "[t]he fact that municipalities are immune from punitive damages does

not, however, mean that individual officials sued in their official capacity are likewise immune." *Id.* at 1307. This statement has been called into question by many courts in this circuit and has been ignored by others. In *Cross Continent Development, LLC v. Town of Akron*, 548 F. App'x. 524, 531 (10th Cir. 2013), a Tenth Circuit panel affirmed a jury's verdict that a town official, sued in his official capacity, had committed no due process violation. Though the issue of punitive damages against that official was moot because there had been no violation, the panel stated:

> We feel compelled, however, to note our agreement with [the town official's] characterization of *Youren* as an anomalous outlier. After all, if "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and "a municipality is immune from punitive damages under 42 U.S.C. § 1983," then individuals sued in their official capacity should be immune from punitive damages as well. The conclusion seems inescapable. Indeed, the force of this reasoning has led courts within our own circuit to ignore *Youren* when dismissing punitive damage claims in official-capacity § 1983 suits.

*Id.* at 531 (internal citations omitted).

Numerous district courts in this circuit have agreed that the language in *Youren* is anomalous.[1] *See Revilla v. Glanz*, 7 F. Supp. 3d 1207, 1218-19 (N.D. Okla. 2014); *Kerns v. Indep.*

---

[1] All other federal courts of appeal have recognized that punitive damages are not available against government officials sued in their official capacities. *See, e.g., Powell v. Alexander*, 391 F.3d 1, 23 (1st Cir. 2004); *Ivani Contracting Corp. v. City of N.Y.*, 103 F.3d 257, 262 (2d Cir. 1997) ("[Plaintiff], however, has sued those officers in their *official* capacity only, so they enjoy the same immunity from punitive damages as the City.") (emphasis in original); *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) ("Punitive damages cannot be recovered from defendants in their official capacities."); *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) ("[P]unitive damages [are] unavailable in official capacity suits."); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) ("[P]unitive damages . . . are available only in individual capacity suits."); *Cline v. Dahlberg*, 924 F.2d 1057 (6th Cir. 1991) (unpublished opinion); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("[P]unitive damages [may] be recovered against a government actor only in an individual capacity suit."); *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996) ("The district court's award of $100,000 in punitive damages against [individuals] in their official capacities is in reality an assessment against the county, which is immune from such damages. The district court therefore erred in awarding

*Sch. Dist. No. 31 of Ottawa Cty.*, 984 F. Supp. 2d 1144, 1155 (N.D. Okla. 2013); *Pendleton v. Bd. of Cty. Comm'rs for Oklahoma Cty.*, No. CIV-18-707-G, 2019 WL 4752269, at *8 (W.D. Okla. Sept. 30, 2019); *Estep v. City of Del City*, No. CIV-17-625-M, 2018 WL 1598674, at *4 (W.D. Okla. Mar. 30, 2018); *Morris v. Humphrey*, No. CIV-14-497-W, 2014 WL 3451033, at *1 n.3 (W.D. Okla. July 11, 2014). Other courts have considered, but ignored, the language. *See Fernandez v. Taos Mun. Schs. Bd. of Educ.*, 403 F. Supp. 2d 1040, 1043 (D.N.M. 2005); *Trevillion v. Glanz*, No. 12-CV-146-JHP, 2012 WL 4893220, at *6 (N.D. Okla. Oct. 5, 2012) ("Although this language indicates some punitive award may be available in official capacity suits, it cites to no authority and runs counter to long-established Supreme Court precedent."); *Cooper v. Cagle*, No. CIV-06-881-C, 2007 WL 2840385, at *3 (W.D. Okla. Sept. 27, 2007).

Upon review of the parties' briefs and the applicable caselaw, this court concludes that the language contained in *Youren* is inconsistent with Supreme Court precedent. Importantly, the language is not precedential within this Circuit because it did not resolve an issue presented by the parties and was therefore not a holding in the case. In *Youren*, a Utah jury found that the defendant school superintendent had violated plaintiff's civil rights. The defendant moved during trial to exclude punitive damages, and the district court granted that motion. The issue presented on appeal was whether the district court had erred in its determination that insufficient evidence existed to support an award of punitive damages against the defendant superintendent of schools. *Youren,* 343 F.3d at 1307. After reviewing the record, the Circuit panel simply held that the evidence had been sufficient for the jury to consider the possibility of awarding punitive damages. *Id.* at 1309. The panel did not hold that punitive damages may be awarded against officials sued

---

punitive damages."); *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995); *Daskalea v. Dist. of Columbia*, 227 F.3d 433, 437 (D.C. Cir. 2000).

- 5 -

in their official capacity, as the issue had not been presented. The language in *Youren* is therefore mere dicta.

Insofar as the language in *Youren* is not precedent within this Circuit, the Motion for Judgment on the Pleadings is granted.

WHEREFORE, the Motion for Judgment on the Pleadings [Doc. 255] of defendants Newt Stephens, Leon Warner, and Lane Whitehouse is granted.

IT IS SO ORDERED this 17th day of June, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE