UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANICE BUSH, as Special Administrator for the Estate of Ronald Garland, deceased,** ) ) ) ) ) | |
| Plaintiff, ) ) | Case No. 19-CV-98-JFH-CDL |
| v. ) ) | |
| **BRET BOWLING, in his official and individual capacity as Sheriff, Creek County, Okla.; et al.,** ) ) ) ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for the apportionment of settlement proceeds and approval of the amount of attorney fees and costs (Doc. 376) (Motion), which was referred to the undersigned for report and recommendation. (*See* Doc. 378). The Motion is unopposed, and no responses or objections to the Motion have been made.

### I.  Background

On August 9, 2017, the plaintiff, Janice Bush, was appointed Special Administrator of the Estate of Ronald Garland in Case No. PB-2017-23 in the District Court for Pawnee County, Oklahoma. On June 8, 2018, Ms. Bush filed a civil rights lawsuit arising from the death of Mr. Garland on or about June 18, 2017. (*See* Doc. 2-2; *see also* Doc. 312). On March 30, 2021, the parties participated in a settlement conference and agreed to settle Ms. Bush's remaining claims. (Doc. 370).

On May 10, 2021, the undersigned conducted an evidentiary hearing on the Motion. The plaintiff, Ms. Bush, testified, and several exhibits were admitted, without objection:

<u>Exhibit 1</u>: Petition for Appointment of Special Administrator for the Estate of Ronald Garland, date-stamped July 19, 2017;

<u>Exhibit 2</u>: Order Appointing Special Administrator, date-stamped August 9, 2017;

<u>Exhibit 3</u>: Letters of Administration, dated August 9, 2017;

<u>Exhibit 4</u>: Plaintiff's Employment Contract (Retention Agreement) with Allen & Garrett, P.L.L.C.;

<u>Exhibit 5</u>: Plaintiff's Settlement Agreement and Release of All Claims with County Defendants, dated April 1, 2021;[1]

<u>Exhibit 6</u>: Plaintiff's Settlement Agreement and Release with Defendants Turn Key Health Clinics, L.L.C. and Kerri Janes, dated April 12, 2021 (filed under seal); and

<u>Exhibit 7</u>: List of Expenses.

(Doc. 380). The undersigned also considered the Motion (Doc. 376) and the Sealed Exhibit filed therewith (Doc. 377).

## II.     Legal Standards

The claims in this action arise under Oklahoma's wrongful death statute, Okla. Stat. tit. 12, § 1053. Under section 1053, recoverable damages include the mental pain and anguish suffered by the decedent, the pecuniary loss to the survivors, and the grief and loss of companionship suffered by the decedent's children and parents. *Id*. § 1053(B). The statute further provides that "[w]here the recovery is to be distributed according to a person's pecuniary loss or loss of companionship, the judge shall determine the proper

---

[1] The County Defendants are comprised of the Board of County Commissioners of Creek County; Brett Bowling, in his individual capacity and in his official capacity as Sheriff of Creek County; Christopher Fetters; Jeffrey Labbee; and Brandon Fulks. (*See* Motion, Doc. 376 at 1-2).

division." *Id*. at § 1053(D); *see also Briggs v. Okla. Dep't of Hum. Servs.*, No. CIV-06-677, 2010 WL 545863, at *1 (W.D. Okla. Feb. 9, 2010) (unpublished); *Plain v. Murphy Family Farms,* 296 F.3d 975, 982 (10th Cir. 2002). With respect to attorney fees, Oklahoma courts have recognized that contingent fee agreements "[m]any times . . . are the only means possible for litigants to secure legal services." *Abel v. Tisdale*, 619 P.2d 608, 611 (Okla. 1980). However, Oklahoma courts have also stated that the right to contract for a contingent fee may be constrained "when the amount of the fee seem[s] excessive." *Id*. (citing *Cappel v. Adams*, 434 F.2d 1278, 1280 (5th Cir. 1970)).

### III. Findings of Fact and Conclusions of Law

Upon consideration of the testimony of Ms. Bush, the Motion, and all exhibits, the undersigned makes the following recommended findings of fact and conclusions of law.

1. On July 19, 2017, Ms. Bush filed a Petition for Appointment as Special Administrator for the Estate of Mr. Garland, in the Probate Court of Pawnee County, Oklahoma, Case No. PB-2017-23. (Ex. 1). On August 9, 2017, the probate court issued an order, and Letters of Administration were executed, appointing Ms. Bush as Special Administrator of Mr. Garland's estate. (Ex. 2; Ex. 3; *see* Okla. Stat. tit. 58 § 215).

2. At the time of his death, Mr. Garland was divorced and had no children.

3. Mr. Garland's father predeceased him.

4. Accordingly, Ms. Bush, who is Mr. Garland's mother, is the sole person entitled to recover for Mr. Garland's death under Okla. Stat. tit. 12, § 1053; *see Ouellette v. State Farm Mut. Auto Ins. Co.*, 918 P.2d 1363, 1366-67 (Okla. 1994).

5. Ms. Bush has been represented throughout this action under a representation agreement with Allen & Garrett, P.L.L.C. (*See* Ex. 4).

6. The parties have resolved all of Ms. Bush's outstanding claims against the County Defendants and against Turn Key Health Clinics and Kerri Janes. The total amount of both settlements is $770,000.00. Because the amount of the settlement with Turn Key Health Clinics and Kerri Janes is confidential pursuant to the terms of the settlement, the undersigned has not identified the specific settlement amounts for each group of defendants. However, the separate settlement amounts are identified in Plaintiffs' sealed filing accompanying the Motion, as well as in the exhibits submitted at the hearing. (*See* Docs. 376, 377; Ex. 5; Ex. 6 (filed under seal)).

7. The defendants have paid total settlement proceeds of $770,000.00 pursuant to the terms of the settlements. (Doc. 377, at 2). The settlement proceeds are held in the Trust Account of Bryan & Terrill Law, P.L.L.C. and are ready for apportionment and distribution upon approval by the Court.

8. Ms. Bush's counsel advanced $60,087.21 in litigation expenses. (Ex. 7). During the hearing, Ms. Bush reviewed the costs from the contributing law firms and indicated that she believed the costs were appropriate.

9. The undersigned finds that the litigation expenses for the prosecution of the claim, which resulted in a resolution of claims and the reimbursement of costs and litigation expenses to the attorneys, as set forth in the sealed exhibit to the Motion (Doc. 377, at 2-3), should be approved by the Court.

10. After subtracting these expenses from the total sum recovered, net settlement proceeds in the amount of $709,912.79 remain to be distributed.

11. Ms. Bush's representation agreement with Allen & Garrett provides the attorneys with a 50 percent contingent interest in any sum recovered, after deduction of costs incurred in the course of representation. (Ex. 4). Accordingly, the retention agreement provides for payment of $354,956.39—*i.e.*, 50 percent of the net recovery—to Allen & Garrett in consideration for services rendered in this action on Ms. Bush's behalf.

12. Pursuant to the retention agreement, the remaining 50 percent of the net recovery, a total of $354,956.40, is to be distributed to Ms. Bush.

13. In her hearing testimony, Ms. Bush affirmed that the proposed distribution set forth in the sealed exhibit to the Motion (Doc. 376) was explained to her and that she knows of no reason why the Court should not allow the distribution of attorneys' fees and costs as stated therein.

14. Ms. Bush affirmed that she understood, when she executed the representation agreement on behalf of Mr. Garland's estate, that the contingency fee was set at 50 percent because of the nature of this case and specialties involved.

15. The claims in this action were vigorously contested, as evidenced by more than 350 docket entries in this case preceding the settlement agreement. Furthermore, the nature and extent of any potential recovery was uncertain. Ms. Bush's attorneys expended substantial effort and advanced significant sums of money

to pursue the claim, without assurance that they would be compensated for their efforts or reimbursed for their costs.

16. Based upon the efforts of attorneys for the plaintiffs in the case, together with the uncertain outcomes of a contingent fee contract, the percentage and amount of attorney fees are within the amount allowed under Oklahoma law. *See Abel*, 619 P.2d at 611.

17. At the hearing on the Motion, Ms. Bush's counsel represented that he is aware of no objection to the award of attorney fees and distribution of net recovery as set forth in the Motion, and that no other party has come forward to claim entitlement to any portion of Ms. Bush's share of the net recovery. Counsel further noted that Mr. Garland's death occurred nearly four years ago and this case has received some degree of publicity, confirming his understanding that no other person claims entitlement to recover under the wrongful death statute.

18. Having reviewed the Motion and exhibits referenced above, the undersigned believes that the payment of attorneys' fees and costs as set forth above is consistent with the applicable agreements, is permissible under Oklahoma law, and should be approved.

19. After the payment of litigation costs and attorney fees, as set forth in the Motion, the balance of settlement proceeds should be distributed to Mr. Garland's sole surviving heir, Ms. Bush, as detailed in the sealed exhibit to the Motion (Doc. 377).

### IV.     Conclusion and Recommendation

Based on the proposed findings of fact and conclusions of law set forth above, the undersigned **recommends** that the Motion (Doc. 376) be **granted**.

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this Report and Recommendation within 14 days. Any such objections must be filed on or before June 22, 2021. If specific written objections are timely filed, Rule 72 directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule," which provides that the failure to make timely objections to the magistrate judge's findings or recommendations waives appellate review of factual and legal questions. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 8th day of June, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge

7